IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HORTENCIA ROMO CAMPOS,

    Petitioner,

  v.

JANET NAPOLITANO, et al.,

    Respondents.

_____/

No. C 12-2682 CW

ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

On May 24, 2012, Petitioner Hortencia Romo Campos filed a petition for writ of habeas corpus or, in the alternative, an order to show cause why the petition should not be granted. On June 4, 2012, the Court ordered briefing on an order to show cause. Respondents Janet Napolitano, Timothy Aiken and Eric Holder, Jr. filed a motion to dismiss and response to the order to show cause (Response). Petitioner opposes the motion to dismiss and filed a traverse to the show cause response (Traverse). The matter is fully briefed and submitted on the papers. Having considered the relevant legal authority and the papers presented by the parties, the Court GRANTS the motion and DISMISSES the writ petition.

I. Background

Petitioner is a citizen of Mexico who first entered the United States in 1990. Pet. ¶ 1. She departed the United States

in 2000 and attempted to reenter on November 28, 2000. Pet. ¶ 1 and Ex. BB. Department of Homeland Security (DHS) records indicate that Petitioner, under the name Teresa Campos-Gonzalez, was apprehended by the Immigration and Naturalization Service and ordered removed on November 28, 2000. Pet., Ex. BB; Response, Ex. B (Nov. 28, 2000 Notice and Order of Expedited Removal). After being removed, Petitioner reentered the United States on December 1, 2000. Pet., Ex. Q.

In May 2010, Petitioner consulted with an attorney to discuss options for obtaining permanent residency and decided to apply for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3), on the ground that her life or freedom would be threatened because of her race, religion, nationality, membership in a particular social group, or political opinion. Presumably in preparation for such an application, Petitioner's attorney filed a Freedom of Information Act request dated May 25, 2010, with the United States Citizenship and Immigration Services (USCIS) for records about Hortencia Campos, aka Hortencia Romo Jimenez and Hortencia Campos. Pet. ¶¶ 9, 10 and Ex. K. By letter dated June 4, 2010, CIS responded that it did not find records responsive to Petitioner's FOIA request regarding Hortencia Campos. Pet. ¶ 12 and Ex. L.

On March 10, 2011, Petitioner filed an application for asylum and for withholding of removal with USCIS. Pet. ¶ 13 and Ex. Q. On April 5, 2011, Petitioner was interviewed by an asylum officer of USCIS and was asked to return on April 20, 2011. Pet. ¶ 14. She did so, and was advised that she had a prior deportation order, which she denied. Pet. ¶ 15. USCIS detained Petitioner, and took her from the Asylum Office to another office at 630

2

Sansome Street in San Francisco, California.  Pet. ¶¶ 15-16.  There, an agent of Immigration and Customs Enforcement (ICE) asked Petitioner if she was Teresa Campos, which she denied.  Pet. ¶ 16.  The ICE agent told Petitioner that she had been deported in 2000, which she denied, and asked her if she wanted to protect her rights, which she answered in the affirmative.  Pet. ¶ 17.  Petitioner signed an acknowledgment indicating her wish to make a statement contesting the determination, but alleges that she was not allowed to make a statement.  Pet. ¶¶ 17, 18 and Ex. R; Response, Ex. F.  Petitioner contends that DHS/ICE purportedly reinstated the November 28, 2000 removal order without producing a copy of that removal order.  Pet. ¶ 17 and Ex. R.

On April 20, 2011, Petitioner was placed on supervised release by ICE and fitted with an electronic surveillance bracelet.[1]  Pet. ¶ 19 and Ex. S.  Petitioner's attorney did not file a petition for review of the reinstatement order, but did file another FOIA request dated April 28, 2011, seeking records regarding Hortencia Romo Campos or Teresa Campos Gonzalez.  Pet. ¶ 20 and Exs. T, U.

On May 25, 2011, Petitioner was interviewed at the USCIS Asylum Office to determine whether she had a reasonable fear of persecution or torture in the country to which she was ordered

---

[1] Petitioner objects to the declaration of deportation officer Kenneth Jager attesting that on August 1, 2011, ICE removed Petitioner's surveillance bracelet and released her on her own recognizance. Respondents' Mot., Ex. A.  Because the Court does not rule on the question of whether Petitioner is in constructive custody, Petitioner's objection to this testimony is sustained.

3

removed.  Pet. ¶ 21 and Exs. V, W.  On July 19, 2011, Petitioner was found to have a reasonable fear of persecution and was referred to an immigration judge for a hearing on her claim for withholding of removal.  Pet. ¶ 22 and Exs. W, X.  The immigration court has scheduled a hearing on Petitioner's withholding claim for December 2, 2013.  Pet. ¶ 23 and Ex. AA.

After previously indicating that it did not find records responsive to Petitioner's earlier FOIA request regarding Hortencia Campos, DHS responded to Petitioner's April 28, 2011, FOIA request on March 26, 2012 and April 17, 2012, by producing documents regarding Petitioner and the alleged border detention in 2000 under the name Teresa Campos-Gonzalez, but did not produce the November 28, 2000 order of removal.  Pet. ¶¶ 12, 25-26 and Exs. BB and CC.

Petitioner filed this petition for writ of habeas corpus on May 24, 2012.  For habeas relief, she alleges due process violations based on the following: (a) Napolitano's failure either to deny or to produce records responsive to Petitioner's FOIA request, including records of the purported prior detention proceeding or prior order of removal; (b) Napolitano's interference with Petitioner's right to effective representation by counsel by falsely stating that she had no records prior to Petitioner's filing of the withholding application; (c) Aiken's failure to produce a copy of the alleged prior order of removal prior to reinstating the removal order; (d) Aiken's failure to allow Petitioner to present evidence rebutting the alleged prior order of removal; (e) Respondents' interference with Petitioner's ability to seek judicial review by failing to serve her with the

4

order of reinstatement; and (f) ineffective assistance of counsel in failure to file a petition for review of the order of reinstatement.  Respondents move to dismiss the petition for lack of jurisdiction.

II.   Discussion

    A.   Limits on Judicial Review

In general, persons claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States" may petition federal courts for habeas corpus relief. 28 U.S.C. § 2241(c)(3).  Prior to enactment of the REAL ID Act, petitions for writs of habeas corpus provided a legal avenue for individuals to seek relief from deportation.  Provisions of the REAL ID Act, however, deprive the federal district courts of jurisdiction to review challenges to an immigration removal order. 8 U.S.C. § 1252(a)(5).  See Iasu v. Smith, 511 F.3d 881, 886 (9th Cir. 2007).  Under the judicial review regime imposed by the REAL ID Act, a petition for review is the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1), providing for the expedited removal of arriving inadmissible aliens.  Bonhometre v. Gonzales, 414 F.3d 442, 445 (3rd Cir. 2005).  A petition for review must be filed with the circuit court of appeals.  8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in section (e) of this section.").

5

Petitioner contends that the district court has jurisdiction over her habeas petition because she does not seek review of the final order of removal itself. She argues that the order of removal was issued on November 28, 2000, and that Respondents Napolitano and Aiken purportedly reinstated the removal order without complying with the applicable regulations for reinstating prior removal orders. Traverse at 5-6 (citing 8 C.F.R. § 241.8). Petitioner contends that the order of reinstatement is not a final administrative order and is subject to habeas review in the district court under 8 U.S.C. § 1252(a). Id. at 6, 8. The Ninth Circuit has held, however, that a reinstatement order "qualifies as an order of removal that can only be challenged in a petition for review filed directly with our court." Morales-Izquierdo v. Dept. of Homeland Sec., 600 F.3d 1076, 1085 (9th Cir. 2010). Under this controlling authority, the Court does not have habeas jurisdiction to hear Petitioner's challenge to the order reinstating the removal order.

    1.    Effect of Pending Withholding of Removal Claim

Respondents further contend that Petitioner has not exhausted her administrative remedies with respect to her withholding of removal claim because it remains pending before an immigration judge, and must be adjudicated and then appealed to the Board of Immigration Appeals (BIA) before she can seek judicial review. Response at 5-6. Petitioner does not address this argument. Petitioner instead suggests that no administrative remedies are available to challenge the reinstatement order. Traverse at 7.

Petitioner's withholding of removal application challenges the order of removal and is therefore subject to the "zipper

6

clause" of the Immigration and Naturalization Act, 8 U.S.C. § 1252(b)(9). "Under the zipper clause, any 'questions of law and fact' arising from an order of removal must be raised in a petition for review of that order." Morales-Izquierdo, 600 F.3d at 1082 (citing 8 U.S.C. § 1252(b)(9); Singh v. Gonzales, 499 F.3d 969, 978 (9th Cir. 2007)). "It is known as the 'zipper' clause because it 'consolidates or "zips" judicial review of immigration proceedings into one action in the court of appeals.'" Id. (quoting Singh, 499 F.3d at 976)). This consolidation provision "'made clear that review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding.'" Singh, 499 F.3d at 976 (quoting H.R. Rep. No. 109-72, at 173, 2005 U.S.C.C.A.N. 240, 298). Here, Petitioner's application for withholding of removal "is inextricably linked to the reinstatement of the removal order," and any challenge to removal based on her withholding claim must be raised in a petition for review of the reinstatement order. Morales-Izquierdo, 600 F.3d at 1082. See also Go v. Holder, 640 F.3d 1047, 1051-52 (9th Cir. 2011) (finding jurisdiction to review BIA's denial of claim for asylum, withholding claim, and claim pursuant to the Convention Against Torture (CAT), where the "final order of removal is contingent, at least in part, on the denial [of those claims]").

The court of appeals has exclusive jurisdiction to review Petitioner's challenges to the reinstatement order and her claim for withholding of removal. Because Plaintiff's withholding claim impugns the reinstated removal order, she must exhaust her administrative remedies on the withholding claim before

7

challenging the reinstatement order. Morales-Izqierdo, 600 F.3d at 1083 (noting that the congressional intent of the REAL ID Act was to "'limit all aliens to one bite of the apple with regard to challenging an order of removal, in an effort to streamline what the Congress saw as uncertain and piecemeal review of orders of removal, divided between the district courts (habeas corpus) and the courts of appeals (petitions for review)'") (quoting Iasu, 511 F.3d at 887). See Alcala v. Holder, 563 F.3d 1009, 1016 (9th Cir. 2009) ("where there is no final order of removal, this court lacks jurisdiction even where a constitutional claim or question of law is raised"). Petitioner's pending withholding of removal claim therefore renders the reinstated removal order "non-final" for purposes of judicial review. Go, 640 F.3d at 1051 (holding that "removal order did not become final until the Board rejected all claims").

        2.    Opportunity for Judicial Review

Petitioner further contends that the district court has habeas jurisdiction over her petition because she alleges errors that occurred after the reinstatement order was issued, or, in the alternative, because she received ineffective assistance of counsel. Traverse at 8. Petitioner contends that her claims arise independently from the reinstatement order, and that she would be denied her day in court if she could not raise her post-reinstatement order challenges. Id. at 7-8 (citing Singh, 499 F.3d at 976-81). Although Petitioner contends that her habeas claims involve statutory and due process violations that occurred after the reinstatement order was issued, the Court lacks jurisdiction to consider those claims because, as discussed above,

8

Petitioner's withholding claim remains pending before the immigration judge and the reinstatement order is not final for purposes of judicial review.

In Singh, the court held that an ineffective assistance of counsel claim was subject to habeas review in the district court because the petitioner alleged ineffective assistance in failing to file a timely appeal of the final order of removal, and claimed deprivation of an opportunity for direct review of the removal order. 499 F.3d at 979. Here, by contrast, Petitioner has not been denied the opportunity for judicial review because her claim for withholding of removal has not been adjudicated by the immigration judge, nor appealed to the BIA, and the order reinstating the removal order is not final. Go, 640 F.3d at 1051. See also Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009) (where BIA remanded applications for withholding of removal and CAT protection to immigration judge, "the BIA's decision cannot constitute a 'final order of removal'"). If the BIA issues a final adverse ruling on her claim for withholding of removal, Petitioner must consolidate her challenges to the reinstated removal order in a petition for review with the court of appeals. Morales-Izqierdo, 600 F.3d at 1082-83 and 1085 (recognizing the close link between adjustment-of-status challenge and the removal order, and holding that "where an alien is subject to reinstatement of a prior removal order, the REAL ID Act requires that the alien challenge the denial of his or her adjustment-of-status application in a petition for review of the reinstatement order").

To the extent that Petitioner challenges the adequacy of direct judicial review of her claims, the Ninth Circuit has rejected similar arguments challenging the REAL ID Act under the Suspension Clause, and held that the courts of appeals provide the same scope of judicial review as habeas review. Morales-Izquierdo, 600 F.3d at 1085 (citing Puri v. Gonzales, 464 F.3d 1038, 1042 (9th Cir. 2006)). The court noted in Morales-Izquierdo that, in the exceptional case requiring further fact-finding to decide the questions of law presented on appeal, the court of appeals would be empowered to transfer the petition for review to a district court for further development of the record. Id.

Because the order reinstating the removal order is not final for purposes of judicial review, and the court of appeals has exclusive jurisdiction over Petitioner's challenges to the reinstatement order, this Court lacks jurisdiction to adjudicate her petition for a writ of habeas corpus.

B. Custody

The parties dispute whether Petitioner is in custody for purposes of habeas jurisdiction. Because the reinstatement order qualifies as an order of removal that can only be challenged in a petition for review filed with the court of appeals, the Court lacks habeas jurisdiction and does not reach the question of whether Petitioner is in constructive custody.

CONCLUSION

For the reasons set forth above, the Court GRANTS Respondents' motion to dismiss the petition for a writ of habeas corpus. The petition is dismissed without prejudice to Petitioner

10

pursuing her remedies in other fora. The Clerk shall close the case. The parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 10/31/2012

CLAUDIA WILKEN
United States District Judge